UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARTHA ANN CREWS, | ) | |
| | ) | |
| *Plaintiff*,[1] | ) | |
| v. | ) | Civil Action No. 22-1699 (UNA) |
| | ) | |
| JOHN PURCELL *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's *pro se* Complaint, Dkt. 1, and her Motion for Leave to Proceed *in forma pauperis*, Dkt. 2. The Court will grant the application, and for the reasons discussed below, will dismiss the complaint without prejudice.

Plaintiff alleges that John Purcell, Jr., her grandson to whom she granted permission to renovate her residence at 1739 Independence Avenue, S.E., Washington, DC, "fraudulently manipulated his way into not only 'managing the aforementioned project,' but also into . . . having his name appear as the owner" of the property. Compl. at 2. She further alleges that Purcell mortgaged the property, "basically, disappeared" with the proceeds, and defaulted on the loan. *Id.* It appears that the property since has been sold, and plaintiff demands that defendants "either restore ownership of the property . . . to its rightful owner (Martha Ann Crews),

---

[1] The complaint identifies Martha Ann Crews, Theresa Crews, Anita Crews, Mary Ann Scott-Miser, Harold Austin and Marqita Peoples as plaintiffs. *See* Compl. at 1. Notwithstanding the complaint's allegations that Martha Ann Crews is an elderly woman "who was/is physically and mentally feeble" and has exhibited signs of dementia, *see id.* at 2, the Court treats Ms. Crews as the sole plaintiff because she alone signed the complaint and submitted an application to proceed *in forma pauperis*.

1

adequately compensate her for the value of her home . . . or formulate a plausible plan for her . . . to re-acquire the property." *Id.*

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).  A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and the Court must dismiss an action if it determines that subject matter jurisdiction is wanting, *see* Fed. R. Civ. P. 12(h)(3).

This complaint does not present a federal question, and the case may proceed only if plaintiff establishes diversity jurisdiction.  Although defendants Purcell and 1SREO Opportunity 1 appear to reside or conduct business in Virginia and Georgia, respectively, plaintiff and the remaining defendants reside or conduct business in the District of Columbia.  In this circumstance, where plaintiff and certain defendants are citizens of the District of Columbia, plaintiff does not demonstrate complete diversity.  *See Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (unpublished table decision) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332.").  "When a Court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete diversity does not exist, the Court must dismiss the suit." *Bush*, 521 F. Supp. 2d at 71 (citing *Fox v. Bd. of Trustees*

*of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir.1994)) (additional citation omitted).

    An Order is issued separately.

June 17, 2022                                                                 /s/
                                                            DABNEY L. FRIEDRICH
                                                            United States District Judge